IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERRY CHESTER, DONNIE ZELLNER, GRANT DECATUR ALLEN, JR. and GEORGE WASHINGTON DUNN,<br><br>    Defendants. | CRIMINAL FILE NO.<br><br>1:09-cr-320-TCB-GGB<br><br>Magistrate Judge Gerrilyn G. Brill |

### REPORT AND RECOMMENDATION AND ORDER

Pending before me is Defendant Dunn's Motion for Rule 44 Conflict of Interest Hearing [Doc. 64]. I held a Rule 44 Conflict of Interest hearing on March 25, 2010, the minutes of which are under seal, so this motion is **DENIED AS MOOT**. There is also a Motion to Substitute Attorney filed by Mr. Dunn's previous counsel, Adam Hames [Doc. 80]. That motion is **GRANTED**. The Clerk is directed to terminate Mr. Hames as counsel to Mr. Dunn.

A pretrial conference was held by me following the Superseding Indictment at which I directed the government to respond to Defendant Dunn's Motion to Sever and Motion to Bifurcate Trial [Docs. 108 and 133]. These motions are now ripe.

AO 72A
(Rev.8/82)

Defendant Dunn argues that Dunn and his co-defendants are improperly joined in the superseding indictment due to the broad scope of the alleged conspiracy and Dunn's alleged conduct on a single day. This argument is without merit.

When a case involves multiple defendants, Federal Rule of Criminal Procedure 8(b) governs the issue of joinder. See United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975). Rule 8(b) provides:

> Joinder of defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

The court must look to whether the charges are unified by some "substantial identity of facts or participants." United States v. Dennis, 645 F.2d 517, 520 (11th Cir. 1981). This is done by examining the allegations contained in the indictment. United States v. Liss, 265 F.2d 1220, 1228 (11th Cir. 2001).

Here the indictment alleges that all Defendants participated in a single drug trafficking conspiracy. All counts of the indictment grow out of that conspiracy. "Joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy and also charges the defendants with substantive counts arising out of the conspiracy." United States v. Jones, 913 F.2d 1552, 1562

(11th Cir. 1990) (citing United States v. Alvarez, 755 F.2d 830 (11th Cir.).  Therefore, joinder is proper under Rule 8(b).

Similarly, Defendant's argument under Rule 14 is without merit.  Rule 14 provides a remedy for prejudicial joinder even though joinder was proper under Rule 8. United States v. Morales, 868 F.2d 1562, 1567 (11th Cir.1989).

Rule 14 allows for severance if it appears that a defendant will be prejudiced by a joinder of offenses or defendants.  "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  In evaluating a motion under Rule 14, it is appropriate for the court to consider the government's proffer as to what it expects the evidence at trial to show.  United States Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990).

Generally, defendants who are jointly indicted should be tried together.  United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). This rule is particularly applicable to conspiracy cases.  United States v. Castillo-Valencia, 917 F.2d 494 (11th Cir. 1990). In order to obtain a severance of his case from that of his alleged co-conspirators, the defendant must show that without a severance, he will suffer compelling prejudice and will be unable to receive a fair trial.  United States v. Puig, 810 F.2d 1085 (11th Cir.

AO 72A
(Rev.8/82)

1987). Defendant Dunn has not made such a showing. Moreover, the government represents that its facts will show that all of the defendants, including Defendant Dunn, were members of the same Atlanta-based drug trafficking organization. Any potential prejudice from being tried with his co-defendants can be cured by careful instructions from the court that each defendant is to be considered separately. See United States v. Harper, 680 F.2d 731, 734 (11th Cir. 1982).

Defendant Dunn also alleges that he anticipates that certain co-defendants would assist him by testifying at a separate trial. In addition, he contends that if a co-defendant fails to take the stand and testify and subject himself to cross-examination by Dunn, then Dunn would insist upon his right to inform the jury of the factual inferences to be drawn from the failure of the co-defendant to testify and to comment on the failure of the co-defendant to testify. (Doc. 108 at ¶¶ 18, 19). "A defendant who moves for a severance in order to obtain a co-defendant's favorable testimony must show (1) a bona fide need for the testimony, (2) the substance of what the desired testimony would be, (3) its exculpatory nature and effect, and (4) that the designated co-defendant would in fact testify at a separate trial." United States v. Leichtman, 742 F.2d 598, 605 (11th Cir. 1984). Defendant Dunn has not come close to making the necessary showing.

For the above reasons, I **RECOMMEND** that Defendant Dunn's Motion to Sever be **DENIED**.

AO 72A
(Rev.8/82)

Defendant Dunn also moves to bifurcate the trial on Count Nine of the indictment. Count Nine alleges that Dunn, Chester and Zellner possessed one or more firearms in furtherance of a drug trafficking crime.[1] Count Nine is clearly related to the other counts in the indictment, and the government represents that the evidence produced would be the same in both trials if the counts were bifurcated because it would have to present evidence of the drug conspiracy in both cases. (Doc. 135). Defendant has presented no authority that requires bifurcation of Count Nine, and it would be a waste of judicial resources to do so. For these reasons, I **RECOMMEND** that Defendant Dunn's Motion to Bifurcate Trial be **DENIED**.

## CONCLUSION AND CERTIFICATION

In summary, Defendant Dunn's Motion for Rule 44 Conflict of Interest Hearing [Doc. 64] is **DENIED AS MOOT**; his Motion to Substitute Attorney [Doc. 80] is **GRANTED**.

---

[1] The indictment has a typographical error in that it charges in Count Nine that the Defendants possessed firearms in furtherance of a drug trafficking crime, that is, possession with intent to distribute a controlled substance, "as alleged in Count Six" of the indictment. However, Count Six of the indictment charges Defendant Allen with possession of a firearm by a convicted felon, not possession with intent to distribute a controlled substance. Defendant Dunn's motion to dismiss is not based on this apparent error. In its response, the Government recognizes the error and states that Count Nine should refer back to Count Eight which is a drug trafficking crime. (Doc. 135 at n.2)

I **RECOMMEND** that Defendant Dunn's Motion to Sever [Doc. 108] be **DENIED**, and further **RECOMMEND** that his Motion to Bifurcate Trial [Doc. 133] be **DENIED.**

I have entered my Report and Recommendation on the motions filed by Defendants Allen and Zellner, and there are no other pending matters as to these Defendants.

Defendant Chester remains a fugitive.

There are no pending matters before me, and am aware of no problems relating to the scheduling of further proceedings by the District Court.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be, and the same is hereby, declared **Ready For Trial**.

**SO ORDERED AND RECOMMENDED** this 14th day of January, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)